

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2008

# Muirhead v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5574

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Muirhead v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1693.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1693

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5574
_____

JOAN MUIRHEAD,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A79-699-016)

_____

ARGUED June 14, 2007

Before: McKEE, STAPLETON, and NYGAARD, Circuit Judges.

(Filed  January 29, 2008)

Orest Bezpalko, II, Esq. (Argued)
Bezpalko & Associates
452 East Girard Avenue, Suite 101
Philadelphia, PA 19125
                    Counsel for Petitioner

Thomas H. Dupree, Jr., Esq. (Argued)
United States Department of Justice
Civil Rights Division

950 Pennsylvania Avenue, N.W.
Washington, DC 20530

Ethan B. Kanter, Esq.
Douglas E. Ginsburg, Esq.
Christopher T. Dong, Esq.
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
Counsel for Respondent

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will deny the petition for review.

Joan Muirhead, a native and citizen of Jamaica, twice pleaded guilty to distributing cocaine in violation of New Jersey law. Several years later, she was personally served with a Form I-851 notice that she was subject to removal as an aggravated felon. She signed the form, admitted that she was removable, waived her rights to contest the

charges or to seek relief from removal, and indicated that she wished to be removed to Jamaica. She was detained[1] and later removed.

Muirhead argues that the Government's delay in processing her removal and its expedited administrative removal procedures denied her an opportunity to be heard and to present a defense to her removal. An alien claiming a due process violation must demonstrate that (1) she was entitled to greater procedural protections; and (2) that denial of those protections resulted in substantial prejudice.

Even assuming Muirhead was entitled to additional procedural protections, she has failed to demonstrate their absence caused her any prejudice. The record clearly shows she was removable as an aggravated felon. *See* 8 U.S.C.A. §1228(b) (2005). In addition, she was never eligible for §212(c) relief, because it was only available to lawful permanent residents. She contends that she could have been eligible for suspension of removal pursuant to former INA §244, if the Government had acted sooner. However, she was not eligible for §244 relief before Congress repealed it in 1996, and, as an aggravated felon, she has never been eligible for cancellation of removal under the current §240A(b). Moreover, as we have held, an alien does not have a constitutional right to have her

---

[1] Two weeks after being detained, Muirhead obtained representation and sought review of the evidence against her. She then filed a petition for a writ of habeas corpus in the District Court for the Eastern District of Pennsylvania. The court granted a stay of deportation, and transferred the matter to this Court pursuant to the REAL ID Act. We lifted the stay of removal and remanded her detention challenge to the District Court for the Middle District of Pennsylvania, where she was confined. That court dismissed her detention challenge as moot when she was removed.

removal proceedings commence at any certain time. *DiPeppe v. Quarantillo*, 337 F.3d 326, 335 n.17 (3d Cir. 2003).

Finally, we also reject Muirhead's request for relief under the common law writ of *audita querela*. Several courts of appeals have concluded that the All Writs Act, 28 U.S.C. §1651, grants courts authority to order *audita querela* relief in exceptional circumstances. However, the writ is available only where the petitioner raises a (1) valid legal objection; (2) to a judgment that arises after that judgment is entered; and (3) that is not redressable by some other means. As explained above, Muirhead has failed to raise a valid legal objection to her removal, and she is therefore not entitled to the writ.

For the foregoing reasons, we will deny the petition for review.